RECEIVED
IN LAKE CHARLES, LA

FEB - 8 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| EDWARD RAY | : | DOCKET NO. 04 CV 0816 |
|---|---|---|
| VS. | : | JUDGE TRIMBLE |
| GLOBAL INDUSTRIES, LTD., ET AL | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment (doc. # 39) filed by third party defendant, Kevin Gros Consulting & Marine Services, Inc. wherein the mover is requesting summary judgment in its favor pursuant to Rule 56(b) of the Federal Rules of Civil Procedure. Mover maintains that it is entitled to judgment as a matter of law and should be dismissed from the Third Party Demand filed against it by defendants, Global Industries Offshore, L.L.C. and Global Industries, Ltd. ("Global").

## FACTUAL STATEMENT

On June 10, 2002, Kevin Gros Consulting & Marine Services, Inc. ("Kevin Gros Consulting") and Global entered into a general Master Time Charter Agreement ("Charter Agreement"). The Charter Agreement contains certain provisions regarding defense and indemnity obligations. On February 7, 2003 Kevin Gros Consulting and Global executed Job Order 03-0038 ("Job Order"). The purpose of the Job Order was to charter the *M/V SEA BASS*.

Plaintiff, Edward Ray, alleges that he was injured while traversing a gangway between the *M/V SEA BASS* and the West Cameron 248A platform. At the time of the incident, Ray was an employee of Downhole Energy Services. The liftboat, *M/V SEA BASS,* was owned by Global. The

West Cameron 248A platform was owned and operated by J.M. Huber Corporation ("Huber").

Ray filed a Complaint against Global, Huber, Comstock Offshore, LLC, Pierce Junction Petroleum, Inc., W&T Offshore, LLC, and Pioneer Natural Resources USA, Inc. All defendants, except Global and Huber were dismissed by plaintiff, without prejudice. Global and Huber have settled with Ray. The only remaining claim involved in this litigation is Global's Third Party Demand against Kevin Gros Consulting, seeking defense and indemnification for the claims brought by Ray against Global.

Global's Third Party Demand is brought pursuant to the terms and provisions of the Charter Agreement. Kevin Gros Consulting answered Global's Third Party Demand and simultaneously filed a Counterclaim, asserting that it is an additional insured on Global's liability policies pursuant to the Job Order executed in connection with the *M/V SEA BASS* charter.

Kevin Gros Consulting filed the instant motion for summary judgment maintaining that it does not owe defense and indemnification because (1) the Charter Agreement is inapplicable since Kevin Gros Consulting only acted as a boat broker with respect to the *M/V SEA BASS*, (2) the terms of the Job Order, not the general terms of Charter Agreement govern this defense and indemnity dispute, particularly since the additional insured required of the Job Order does not conflict with any terms of the Charter Agreement regarding additional insured status, and/or (3) the defense and indemnity provisions contained in the Charter Agreement are ambiguous and must be construed against Global.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law."[1] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[2] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[3] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[4] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[5] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[6]

## LAW AND ANALYSIS

Global asserted in its Third Party Demand that Kevin Gros Consulting is obligated pursuant to the Charter Agreement to defend, indemnify and hold Global harmless for the claims of Ray on the main demand. Subsection C of paragraph 15 provides the following regarding indemnity:

> C. If any claims, demands, suits and/or causes of action are ever asserted against the Indemnified Parties [Global] for illness to, injury to and/or death of CHARTERER's employees, agents, servants, representatives or Invitees and/or employees and agents of CHARTERER's customers, clients, contractors, subcontractors and any other person, entity or party, CHARTERER shall fully and

---

[1] Fed. R.Civ. P. 56(c).

[2] *Vera v. Tue*, 73 F.3d 604, 607 (5th Cir. 1996).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[5] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[6] *Anderson*, 477 U.S. at 249-50.

unconditionally release, protect, defend, indemnify and hold harmless (including attorneys' fees and defense costs) the Indemnified Parties, EVEN IF SAID CLAIMS, DEMANDS, SUITS AND/OR CAUSES OF ACTION ALLEGEDLY OR ACTUALLY ARISE SOLELY OR PARTIALLY FROM NEGLIGENCE (INCLUDING ACTIVE, PASSIVE, SOLE, JOINT OR CONCURRENT), STRICT LIABILITY, PRODUCTS LIABILITY, UNSEAWORTHINESS OF ANY VESSEL AND/OR UNAIRWORTHINESS OF ANY AIRCRAFT ATTRIBUTABLE TO THE INDEMNIFIED PARTIES AND/OR FROM CONTRACTUAL DEFENSE AND INDEMNITY OBLIGATIONS ATTRIBUTABLE TO THE OWNER. The sole restriction on the above is that the aforesaid claims, demands, suits and/or causes of action must have allegedly or actually arisen out of, be related to, and/or be incidental to, in any way, the chartering of a vessel pursuant to this Master Time Charter Agreement.

On Page 1 of the Charter Agreement, Kevin Gros Consulting & Marine Services, Inc. is identified as the "CHARTERER".

*Does the Charter Agreement apply to Kevin Gros Consulting?*

Kevin Gros Consulting maintains that the Charter Agreement does not apply because it acted as a broker, not a "charterer" as that term is contemplated by the Charter Agreement. To support its position, Kevin Gros Consulting submits deposition testimony that Kevin Gros Consulting was a broker and not a charterer. Kevin Gros Consulting submits the Job Order which reveals the terms between Kevin Gros Consulting and Global, and a Charter Agreement between Kevin Gros Consulting and Offshore Liftboats, LLC (the "Gros/Liftboat Charter") which reveals the terms between those parties. The Job Order reveals that Kevin Gros Consulting was being charged $6,200.00 per day plus fuel and lube for the *M/V SEA BASS*. The Gros/Liftboat Charter reveals that Offshore Liftboats was being charged $6,550.00 per day plus fuel and lube. Kevin Gros Consulting argues that because in this instance, it acted as a boat broker, and not as a charterer, the Charter Agreement is not applicable and Kevin Gros Consulting owes no indemnity and defense pursuant to that agreement. We disagree.

Kevin Gros Consulting is arguing that because it functioned as a broker, as opposed to a "charterer", the Charter Agreement signed by Kevin Gros Consulting and Global is not applicable – or does not apply to Kevin Gros Consulting. Kevin Gros Consulting further maintains that the Charter Agreement applied to the end-user, not to Kevin Gros Consulting. However, Mr. Gros admits in his deposition testimony that in order for the company to have access to Global vessels, it had to have the Charter Agreement in place.[7] The Charter Agreement identifies Kevin Gros Consulting as a "CHARTERER". The Charter Agreement does not define "CHARTERER", but does state that "CHARTERER, from time to time, desires to time charter vessels from OWNER;".[8] To accept Kevin Gros Consulting' argument, would cause the Charter Agreement to have no effect at all. That was not the intent of the parties. The Charter Agreement clearly states that Kevin Gros Consulting is the Charterer and that the Charterer will indemnify and defend the Owner, Global. There is a complete absence of language that states that someone else other than Kevin Gros Consulting shall indemnify and defend Global. The Charter Agreement and its provisions are applicable.

*Does the Insurance Requirement of Job Order 03-0038 Supercede the Indemnity Obligations in the Master Time Charter Agreement?*

Kevin Gros Consulting maintains that the defense and indemnity obligation contained in the Charter Agreement is trumped by the additional insured requirement in the Job Order. Paragraph 4 of the Charter Agreement states that the Charter Agreement, together with the separate charter order shall govern the respective rights and duties of the Owner and Charterer. Even though the parties,

---

[7] Kevin Gros deposition dated 8/25/05, pp. 25-26, lines 21-25, 1-8, respectively.

[8] Page 1 of Master Time Charter Agreement.

5

with respect to the *M/V SEA BASS* did not execute an Order Confirmation tendered by Global, Job Order 03-0038 ("Job Order") was executed as a charter confirmation.[9]

This Job Order contains a section entitled Insurance Requirements which provides the following:

ISSUE CERTIFICATE OF INSURANCE NAMING AND WAIVING THE FOLLOWING:

| **Kevin Gros Consulting & Marine Services, Inc.** | **Offshore Liftboats, LLC/ J.M. Huber** |
|---|---|
| P.O. box 1412 | 121 West Street |
| 13080 West Main | Galliano, LA 70657 |
| Larose, LA 70373 | |
| ATTN: KEVIN GROS | |

The Job Order was signed by a representative of both Kevin Gros Consulting and Global. Kevin Gros Consulting maintains that the intent was that Kevin Gros Consulting be named as an additional insured on Global's insurance policies, with a waiver of subrogation. Kevin Gros Consulting submitted deposition testimony by Rand Reed and Raywood Menard (Global employees) that they were told by Global's in-house counsel, Lawrence Uter that the insurance provision was immaterial because the Master Time Charter Agreement overruled the Job Order. Kevin Gros Consulting argues that Global was aware of the insurance requirement, but chose to ignore it, believing it to be contrary to the terms of the Charter Agreement. Kevin Gros Consulting also submits evidence through a certificate of Insurance that Global was aware that Kevin Gros Consulting only had worker's compensation, boat broker's liability and boat broker's excess liability coverages in place. Hence, Global was aware that Kevin Gros did not have coverages in place to

---

[9] Paragraph 3 of the Charter Agreement permits confirmation by "other confirming documentation satisfactory to OWNER."

6

back up the indemnity provision of the Charter Agreement.

Paragraph 17(B) of the Charter Agreement provides the following regarding the requisite insurance policies:

> The aforementioned policies shall unconditionally waive subrogation in favor of the Indemnified Parties [Global] and, to the full extent of the release, defense and indemnity obligations assumed by Charterer [Kevin Gros] in this Master Time Charter Agreement, shall name the Indemnified Parties [Global] as additional assured, and shall provide that said coverages are primary as respects any other coverages enjoyed by the Indemnified Parties [Global] regardless of any "other Insurance," "cover elsewhere," or similar provisions whatsoever.

Kevin Gros Consulting provides no explanation as to how its obligation to defend and indemnify Global is excused by the Job Order. The Court has reviewed the Charter Agreement and the Job Order. The Charter Agreement is clear and unambiguous, however, the Job Order, confected by Kevin Gros Consulting, creates an ambiguity, whereas until the Job Order was executed, no ambiguity existed.

Paragraph 15(B) of the Charter Agreement obligates Global to indemnify Kevin Gros Consulting with respect to any claims asserted by Global's employees or agents. Paragraph 15(C) obligates Kevin Gros Consulting to defend and indemnify Global for personal injuries to Kevin Gros Consulting's employees and/or employees and agents of Kevin Gros Consulting's "customers, clients, contractors, subcontractors and any other person, entity, or party." Paragraph 17(B) obligates Kevin Gros Consulting to name Global as an additional assured, and "said coverages are primary as respects any other coverages enjoyed by the Indemnified Parties [Global] regardless of any "other Insurance," "cover elsewhere," or similar provisions whatsoever." The indemnity provisions unequivocally obligate Kevin Gros Consulting to defend and indemnify Global for claims asserted by anyone other than Global's own employees. Again, we reiterate our earlier conclusion that there

is nothing in the Charter Agreement that obligates anyone other than Kevin Gros Consulting to indemnify and defend Global for any claims by employees of Kevin Gros Consulting, and/or employees or agents of Kevin Gros Consulting's "customers, clients, contractors, subcontractors and any other person, entity or party" – language which is broad enough to include third parties such as Plaintiff, Edward Ray.

The Section entitled Insurance Requirement in the Job Order relied upon by Kevin Gros Consulting is vague and ambiguous. Under Louisiana law, ambiguous claims are construed against the drafter of the contract.[10] Thus, this provision must be construed against the drafter, Kevin Gros Consulting.

## **CONCLUSION**

Based on the foregoing, the motion for summary judgment will be denied as the Court finds no ambiguity in the Master Time Charter Agreement, and Kevin Gros Consulting, as the "charterer" of the Agreement, is obligated to defend and indemnify Global.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 8th day of February, 2006.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[10] *Matter of U.S. Abatement Corp.*, 79 F.3d 393 (5th Cir. 1996).